ANTONIO ROIG TORRELLAS, demandante-apelante-apelado, *v.* MIGUEL A. BUSTELO y su esposa, demandados-apelados-apelantes.

No. 4731. *Sometido:* Noviembre 27, 1929. *Resuelto:* Febrero 17, 1930.

*González Fagundo & González Jr.,* abogados del demandante-apelante; *Arturo Aponte,* abogado del demandado-apelado.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

Como en la "Relación del caso y opinión" de la Corte de Distrito de Humacao, en este litigio, se ha presentado con toda fidelidad la cuestión de hecho, y en la apelación no se suscita discusión alguna acerca de los hechos, creemos que facilita nuestra misión la copia de lo pertinente de aquel documento. Es como sigue:

"Miguel A. Bustelo y su esposa eran dueños de varias fincas rústicas, las que traspasaron en venta a Antonio Roig Torrellas por documento privado de fecha 23 de diciembre de 1922.

"Entre dichas fincas figuraba una de 69 cuerdas de cabida, sita en el barrio de Antón Ruiz de la municipalidad de Humacao.

"Pocos días después de dicha venta, o sea, el 30 de diciembre del propio año, la Central Pasto Viejo, Inc., estableció ante esta Corte de Distrito de Humacao, una acción bajo el No. 8748, sobre retracto legal de comuneros, contra Antonio Roig y su esposa, así como contra los esposos Bustelo-Rodríguez, alegando que dichos esposos no eran dueños de, ni existía como tal, la finca de 69 cuerdas ya referida, pues los esposos Bustelo-Rodríguez eran dueños solamente de varios condominios o participaciones equivalentes en su totalidad a 9/28 avas partes de una finca que aparece descrita en el Registro de la Propiedad con una extensión de 200 cuerdas, cuya finca después de mensurada daba 175 cuerdas 879 milésimas como cabida total.

"En 14 de agosto de 1925 se dictó sentencia por esta corte en el ameritado caso de retracto, declarando con lugar la demanda, sentencia que fué apelada a la Corte Suprema de Puerto Rico y confirmada por ésta, así como por la Corte de Circuito de Boston, donde también se apelara del fallo de la Corte Suprema, habiendo quedado firme y ejecutoria la referida sentencia.

"A virtud de tal sentencia, y en cumplimiento de la misma, el demandante Antonio Roig Torrellas vendió, cedió y traspasó a favor de Central Pasto Viejo, Inc., todos los derechos y acciones que había adquirido de los esposos Bustelo-Rodríguez en la ameritada finca, los que según la referida sentencia consistían en participaciones o condominios proindivisos, equivalentes a 9/28 avas partes de dicha finca compuesta de 175 cuerdas 879 milésimas, a razón de $195.00 cada cuerda, haciendo un total de $11,029.20.

"Con estos hechos el demandante Antonio Roig alega además que habiéndole vendido el señor Bustelo 69 cuerdas a $195.00 cada cuerda, pagó por dicha finca $13,455.00, y habiendo recibido de Central Pasto Viejo, Inc., de acuerdo con la ya citada sentencia, $11,029.00, ha dejado de percibir $2,326.20 que pagó de más por la ameritada finca, los cuales ha reclamado a los esposos Bustelo-Rodríguez sin haberlos obtenido y solicita se condene a éstos a dicho pago.

"Los demandados, luego de negar parte de los hechos de la demanda, levantaron como defensa un convenio celebrado entre demandante y demandados, a virtud del cual éstos no estarían obliga-

dos a responder por defectos de la cabida de ninguna de las fincas; haber cedido todo derecho o interés en todos y cada uno de los contratos celebrados en relación con las fincas ya citadas, a la corporación Central Pasto Viejo, Inc.; y que la acción del demandante ha prescrito de acuerdo con el artículo 1375 del Código Civil.

"La prueba en este caso ha sido documental y la primera contención levantada por los demandados se basa en cierta cláusula consignada en una escritura de compraventa, de 21 de mayo de 1924, celebrada entre las partes en este caso y Central Pasto Viejo, Inc., cuya cláusula dice así:

" 'DÉCIMASEGUNDA.—Habiéndose hecho la venta a razón de un tanto por unidad, de medida, las partes tendrían derecho a ser indemnizadas para el caso de resultar luego mayor o menor cabida. En tal virtud, y como quiera que el señor Roig ha tomado desde hace tiempo posesión de las fincas objeto de esta escritura y conoce su cabida actual por haberlas hecho mensurar, queda ahora convenido entre las partes, no obstante cualquier otra cosa que haya sido dicha o estipulada anteriormente, que los esposos Bustelo no responden de defecto alguno de cabida, aunque luego resultase cualquier diferencia en su contra, como tampoco podrá reclamar por diferencia a su favor.' "

Por la sentencia se declaró sin lugar la demanda.

En su apelación el demandado Roig Torrellas señala los siguientes errores:

"Primero.—La corte erró al interpretar aisladamente la cláusula décimosegunda de la escritura de 21 de mayo de 1924, otorgada ante el notario Francisco González Fagundo.

"Segundo.—La corte erró al resolver que en virtud de la escritura de 23 de mayo de 1923 otorgada por Bustelo a favor de Central Pasto Viejo, Inc., ante el notario Luis Toro Cabañas sobre cesión de derechos y acciones, la responsable en este caso sería Central Pasto Viejo, Inc.

"Tercero.—La corte erró al declarar prescrita la acción que se ejercita de acuerdo con el artículo 1375 del Código Civil, por aplicación indebida de dicho precepto legal."

Por su importancia, creemos conveniente resolver ante todo acerca del tercer señalamiento de error.

El argumento de la parte apelante es éste: admitiendo que el caso se rija por el artículo 1375 del Código Civil, el

término para contar la prescripción empieza a contarse el 22 de marzo de 1927 en que se cumplió la sentencia de retracto y en que Roig recibió de la Central Pasto Viejo $11,029.20, porque Roig no tenía derecho a reclamar mientras estuviera pendiente aquel pleito.

Es errónea la teoría. Las acciones que nacen de los artículos 1372, 1373 y 1374 del Código Civil se refieren a la entrega de la cosa vendida, obligación del vendedor. Y están establecidas sobre fundamentos independientes del derecho de retracto legal, propio de un tercero que no es el vendedor ni el comprador.

Nótese que el artículo 1372, en su párrafo segundo se halla redactado así:

"Si la venta de bienes inmuebles se hubiese hecho con expresión de su cabida, a razón de un precio por unidad de medida o número, tendrá obligación el vendedor de entregar al comprador, si éste lo exige, todo cuanto se haya expresado en el contrato; pero si esto no fuere posible, podrá el comprador optar entre una rebaja proporcional del precio, o la rescisión del contrato, siempre que en este último caso, no baje de la décima parte de la cabida la disminución de la que se le atribuyera al inmueble."

Llama fuertemente la atención una frase que no en balde se puso en el artículo: "entregar al comprador, si éste lo exige." Ella presupone que el comprador, consciente de su interés y de su derecho, se da perfecta cuenta de lo que compra, y mide y aprecia en número, lo que se le ha vendido; y, naturalmente, encuentra la falta, si la hay, y exige la entrega de lo que falta; si no lo exige, es su cuenta propia y su propio riesgo; pero tal exigencia es indispensable para los fines de este artículo; y tan lo es, que las acciones que en el mismo párrafo citado se establecen, lo son a raíz de sentarse el requisito de la exigencia de la entrega total, y previas las condiciones envueltas en estas palabras del texto legal: "pero si esto no fuere posible."

En este caso anotamos que en una escritura otorgada en 21 de mayo de 1924, en Humacao, ante el Notario Sr. Gon-

zález Fagundo por Miguel A. Bustelo y su esposa, Antonio Roig Torrellas y su esposa, y la Central Pasto Viejo Incorporated (páginas 70 a 89 inclusives T. R.) en la cláusula décimasegunda, entre otras cosas se dice:

"... y como quiera que el señor Roig ha tomado desde hace tiempo posesión de las fincas objeto de esta escritura, y conoce su cabida actual por haberlas hecho mensurar..."

Entre los inmuebles que en la escritura se relacionan, se encuentra la finca de que se trata en este caso; inmueble que se confiesa entregado, recibido y hecho mensurar, sin que el comprador Roig exigiera nada en lo que afecta a la entrega; esto, desde la fecha de la escritura, cuando menos.

Pero, aunque no entráramos en el terreno del artículo 1372 Código Civil, nos bastaría aplicar el 1375 del mismo código; su texto es:

"Artículo 1375.—Las acciones que nacen de los tres artículos anteriores prescribirán a los seis meses contados desde el día de la entrega."

La mejor regla de interpretación, si el artículo lo requiriera, sería la del artículo 13 del Código Civil de Puerto Rico.

"Artículo 13.—Cuando la ley es clara y libre de toda ambigüedad la letra de ella no debe ser menospreciada bajo el pretexto de cumplir su espíritu."

Lo que, en realidad, no es otra cosa que lo llamado por los autores, interpretación literal.

Tenemos aquí una entrega confesada, y unos años transcurridos desde la entrega, sin que se ejercite la acción. Y no hay duda alguna de cuál sea el precepto que rige el caso en cuanto a la prescripción.

Aparte de esto, en la cláusula doce de la escritura que antes hemos citado se hace por las partes contratantes, entre ellas y el Sr. Roig, una renuncia que no admite duda alguna. Reproducimos aquí la cláusula.

"Décimasegunda.—Habiéndose hecho la venta a razón de un tanto

por unidad, de medida, las partes tendrían derecho a ser indemnizadas para el caso de resultar luego mayor o menor cabida. En tal virtud y como quiera que el señor Roig ha tomado desde hace tiempo posesión de las fincas objeto de esta escritura y conoce su cabida actual por haberlas hecho mensurar, queda ahora convenido entre las partes no obstante cualquier otra cosa que haya sido dicha o estipulada anteriormente que los esposos Bustelo no responden de defecto alguno de cabida aunque luego resultase cualquier diferencia en su contra, como tampoco podrá reclamar por diferencia a su favor.''

Esta cláusula determina la exoneración de responsabilidad por cuestión de cabida.

No existen los errores señalados.

Aparece de los autos que la parte demandada también apeló de la sentencia. Pero no vemos que se haya formalizado, ante este tribunal, la apelación; y ni ha presentado esa parte su alegato, ni la contestación al del apelante en su recurso.

*Debe confirmarse la sentencia apelada.*